# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

CARLOS S. GUERRERO,

    Debtor.

_____/

Case No.: 8:09-bk-00372-MGW

Chapter 7 case

## TRUSTEE'S MOTION FOR ORDER
## APPROVING BID AND SALE PROCEDURES

---

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

**If you object to the relief requested in this paper you must file a response with the Clerk of the Court at Sam M. Gibbons United States Courthouse, 801 No. Florida Ave., Suite 555, Tampa, FL 33602, and serve a copy on the movant's attorney, Steven M. Berman, Esq., 101 E. Kennedy Blvd., Suite 2800, Tampa, FL 33602, and any other appropriate persons within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.**

**If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.**

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

---

Douglas N. Menchise, as Chapter 7 Trustee ("Trustee"), pursuant to §§ 105(a), 363, amd 365 of the Bankruptcy Code and Rules 2002, 6004, 6006, and 9007 of the Federal Rules of Bankruptcy Procedure, hereby moves for entry of an order: (i) approving the auction, bid, and sale procedures for the sale of the NY Property as set forth herein, (ii) scheduling a hearing

for this Court to consider all offers to purchase the NY Property, and (iii) approving the sale of the NY Property to the highest Succesful Bidder (as defined below).

**A. Background**

*The Bankruptcy Case*

1. On January 12, 2009, Carlos S. Guerrero ("Debtor") filed his voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Petition Date").

2. On October 28, 2010, Douglas N. Menchise ("Trustee") was appointed as Chapter 7 Trustee after the Debtor's case was converted from Chapter 11 to Chapter 7.

3. The Bankruptcy case was closed on February 27, 2012.

4. On September 4, 2020, based upon receipt of previously undisclosed information surrounding the Debtor's holdings in Bavic Realty, the United States Trustee filed its Motion to Reopen Chapter 7 Case and reappointed the Trustee to administer assets undisclosed during the pendency of the Debtor's bankruptcy case.

5. On September 8, 2020, this Court entered its Order Granting the Motion to Reopen Chapter 7 Case.

*The NY Property*

6. On June 15, 1983, the Debtor purchased the NY Property.

7. On May 4, 1984, the Debtor deeded the NY Property to Bavic Realty Corp. ("Bavic").

8. On October 27, 2020, the Trustee filed his Complaint for Declaratory Relief, Turnover, and Avoidance and Recovery of Pospetition Transfers (Adv. Pro. No. 8:20-ap-557-MGW, Doc. 1).

9. On November 30, 2020, this Court entered its Order Granting Trustee's Emergency Motion for Order Enforcing the Automatic Stay (Doc. 361), which stated that

"on the facts *sub judice* there exists a prima facie case establishing that at the time the Debtor filed for relief with this Court, the Debtor owned 100% of Bavic stock and thereby held an interest in the real property owned by Bavic . . .."

10. On December 7, 2020, this Court entered its Order Granting Trustee's Emergency Motion for Turnover (Doc. 363).

11. On February 24, 2021, the Trustee filed his Motion for Summary Judgment in the related adversary proceeding (Adv. Pro. No. 8:20-ap-557-MGW, Doc. 31).

12. Given the prima facie proof of the Chapter 7 Estate's ownership in Bavic and consequently the NY Property, the Trustee desires to sell the NY Property and deposit the proceeds therefrom into this Court's registry to preserve its value to the Estate until resolution of the adversary proceeding concerning the disposition of Bavic.

13. The Trustee employed CBRE as its broker for purposes of marketing and selling the NY Property.

14. The Trustee and CBRE toured the property, have conducted diligence on the property and have assessed its value at an amount significantly above the mortgage indebtedness on the NY Property.

15. Even Myrna Guerrero, who asserts that she now owns Bavic, had an appraisal for an amount significantly in excess of the mortgage indebtedness on the NY Property.

16. The Trustee and CBRE have garnered interest from prospective buyers of the NY Property and conducted a walkthrough of the NY Property for all interested parties.

**B. Terms of the Sale**

17. The Trustee has received an offer of $2,100,000 from Black Iris Capital ("Black Iris" Or "Stalking Horse"), which currently represents the highest and best offer for the NY

Property ("Stalking Horse Offer" or "Stalking Horse Bid" as appropriate).. However, the Trustee is aware of several parties that are interested in making an offer on the NY Property.

18. The Stalking Horse will provide a 10% ($210,000) down payment within five business days of entering into an agreement to purchase the NY Property by wire transferring its deposit to the undersigned counsel.

19. The Stalking Horse has agreed to close the transaction no later than 60 days after the entry of a Sale Order by this Court, or when approved by the Court, and will have a 30-day period to conduct and complete due diligence.

20. The Succesful Bidder will obtain a Trustee's deed to the NY Property, and agrees to take the property subject to any outstanding violations with the New York Department of Housing and Community Renewal.

### C. Proposed Bid Procedures

21. The Trustee proposes that the sale of the NY Property be subject to the submission and receipt of higher and better bids for the NY Property on the terms set forth below, with the highest and best bid to be determined by the Trustee and subject to approval by this Court.

22. Accordingly, to maximize the benefit to the estate. the Trustee requests that this Court conduct a hearing, providing adequate notice to all interested parties, and allow interested parties to submit bids prior to the scheduled hearing.

23. The Court will then consider any bids submitted in advance of the sale hearing, along with any bids presented during the hearing, and determine the party to whom the NY Property will be sold (the "Successful Bidder").

24. The $2,100,000 Stalking Horse Offer from Black Iris will serve as the Stalking Horse Bid.

25. Any party wishing to place a bid above the stalking horse bid must provide a $210,000 deposit ("Deposit") by wire transferring its Deposit to the undersigned counsel and may submit bids to the Trustee in advance of the sale hearing, or provide its Deposit in advance of the hearing and submit a bid during the hearing.

26. Any offers to compete with the Stalking Horse Bid must be in a minimum amount of $2,200,000 and should be submitted to the undersigned counsel at the time of submission of its Deposit.

27. Upon any other party submitted a Competing Offer and a Deposit, they will become a "Qualifying Bidder".

28. All Qualifying Bidders shall be entitled to access to all due diligence materials prepared or obtained by the Stalking Horse Bidder.

29. By the date certain this Court will set for Competing Offers and Deposits to be submitted by Qualifying Bidders, this Court will convene a hearing to approve the highest and best bid and the backup bid representing the two highest bids of Qualifying Bidders.

30. At the hearing for this Court to hear bids of the Qualifying Bidders and the Stalking Horse Bidder, this Court should auction the NY Property off first beginning with the Stalking Horse Bid and then moving to the highest bid of all Qualifying Bidders, soliciting increased bids in at least $50,000 increments.

31. If a party other than the Stalking Horse purchases the NY Property, the Stalking Horse Bidder will receive up to $50,000 as reimbursement for out-of-pocket due diligence expenses.

### D. Basis for Relief

32. The Trustee believes that the sale of the NY Property is in the best interest of the Debtor's Chapter 7 Estate and its creditors for the following reasons:

　　i. At this point, the offer received for the NY Property is approaching a fair and reasonable price for the property, if not already there. The $2.1 million offer received by the Trustee is nearly $1 million over the mortgage currently encumbering the NY Property and would substantially augment an otherwise depleted estate.

　　ii. The true value of the NY Property will be tested through the bid and auction procedures, which provide adequate market exposure and promote an open and fair auction process.

　　iii. The protections afforded to the Stalking Horse are fair and reasonable.

33. Thus, the Trustee submits that the purchase price ultimately determined by this Court will necessarily constitute the highest and best offer for the NY Property, and will provide a greater recovery for the Debtors' Estate than would be provided by any other available alternative.

34. This Court should, on a record created at the above auction hearing, determine the highest and best bid and the backup bid represent the two highest bids of Qualifying Bidders and that such Qualifying Bidders are good faith purchasers within the meaning and effect of 11 U.S.C. 363(m).

35. By the time of the Closing, the Trustee and the highest and best bid and the backup bid, representing the two highest bids of Qualifying Bidders, will have engaged in a thorough arms-length negotiation over the terms of the sale.

WHEREFORE, Douglas N. Menchise, as Chapter 7 Trustee, respectfully requests that this Court enter an Order approving the above-mentioned bid procedures, setting a hearing to solicit and consider bids for the NY Property from all interested parties, and for such other and further relief as this Court deems just and proper.

**SHUMAKER, LOOP & KENDRICK, LLP**

By: */s/ Steven M. Berman*
**Steven M. Berman, Esq.**
Florida Bar No.: 856290
101 E. Kennedy Blvd., Suite 2800
Tampa, Florida 33602
sberman@shumaker.com
PH:   813.229-7600
FAX:  813.229.1660
*Counsel for Ch. 7 Trustee*

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that on April 28, 2021, the foregoing was furnished via CM/ECF notice to all counsel of record and by U.S. Mail or E-mail to the following as specified below:

**Debtor, Carlos S. Guerrero**
c/o Daniel E. Etlinger
Jennis Morse Etlinger
606 East Madison Street
Tampa, FL 33602
*Via Cm/ ECF*

**Myrna E. Guerrero**
**Carlos D. Guerrero**
**Bavic Realty Corp**
c/o Katie Hinton
McIntyre Thanasides et al.
500 East Kennedy Blvd., Suite 200
Tampa, FL 33602
*Via Cm/ ECF*

**United States Trustee - TPA, 11**
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602
*Via US Mail*

**Carlos S. Guerrero**
1324 Brighton Way
Lakeland, FL 33813
*Via US Mail*

**Carlos S. Guerrero**
PO Box 992
Highland City, FL 33813
*Via US Mail*

    /s/ *Steven M. Berman*
    Steven M. Berman